IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES JACKSON                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO. 3:10CV058-B-S

ROBINSON PROPERTY GROUP
CORP., D/B/A HORSESHOE TUNICA                                                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, James Jackson, brings this action against the defendant, Robinson Property Group Corp., d/b/a Horseshoe Tunica, seeking recovery for injuries he allegedly sustained when he tripped and fell over an expansion joint while walking to the restroom at the defendant's property, Horseshoe Casino, on August 3, 2007. The expansion joint, a photograph of which is in the record before the court, is the device that connects the gaming area of the property to the non-gaming area. Because Mississippi law requires that the actual gaming operations of a casino be located on navigable water, that portion of the property containing gaming tables and slot machines is located on a barge moored in a canal connected to the Mississippi River. The barge is affixed to the land-based, non-gaming portion of the property by an expansion plate allowing the casino barge to rise and fall with the changing water levels of the river.

The particular expansion plate that is the subject of this case lies between the barge and a hallway that slopes downward to restrooms in the non-gaming section of the casino. The plate measures between eighteen and twenty inches and is covered by a dark rubber vinyl threshold.

The plaintiff estimates that at the time of his accident the threshold had risen approximately two inches from the surrounding floor. His designated expert stated in his report that a person walking over the threshold would be required to step up approximately one-half to one inch. It is undisputed that there were no warning signs in the area of the expansion plate.

The plaintiff testified that he had traversed over this expansion plate "probably two or three times" before his accident and that he was aware of the location of the joint and rubber mat at the time of his fall. He further testified that he witnessed other persons walking back and forth over the joint to the same restroom without incident. The plaintiff admitted that he was in a hurry and that he had consumed between five and ten beers between his arrival at 7:00 p.m. and the time he tripped at approximately 10:45 p.m.

The plaintiff alleges that his fall resulted in the breaking of his collarbone and the fracturing of his shoulder, which required surgery. The plaintiff filed this action asserting that the defendant's negligence caused his injuries. He seeks to recover, inter alia, medical expenses, lost wages, and damages for pain and suffering. The defendant has moved for summary judgment, and the motion is fully briefed and ripe for review.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-

movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

3

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

Analysis of a premises liability case involves three steps. First, the court must determine whether the injured party was an invitee, licensee, or trespasser. *Thomas v. Columbia Group, LLC*, 969 So. 2d 849, 852 (Miss. 2007). Second, the court must determine what duty the landowner or business operator owed the injured party based on the injured party's status. *Id.* Third, it must be determined whether the duty was breached. *Id.* "The existence of a duty is a legal issue." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 218 (5th Cir. 2011). "Whether the duty was breached by the premises owner acting unreasonably as to the condition of the property is a question of fact to be proved by a plaintiff by a preponderance of the evidence." *Id.* "Even so, summary judgment is appropriate as to whether premises were reasonably safe if there is no dispute of material fact and the defendant shows entitlement to judgment as a matter of law." *Id.*

The parties in the case sub judice agree that the plaintiff's legal status at the time of the incident was that of an invitee. "An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Holliday v. Pizza Inn, Inc.*, 659 So. 2d 860, 865 (Miss. 1995). "The duty owed by the landlord to an invitee is a duty of reasonable care for the invitee's safety." *Penton v. Boss Hoggs Catfish Cabin, LLC*, 42 So. 3d 1208, 1210 (Miss. Ct. App. 2010). It is well settled in Mississippi "that a business 'owner or occupant is not an insurer against all injuries' of its invitees." *Id.* (quoting

4

*Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). A duty to warn exists only "if the operator is aware of a dangerous condition which is not readily apparent to the invitee." *Id.* "Merely proving that the accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent." *Id.*

The successful plaintiff must first show that a dangerous condition existed. *Id.* The plaintiff in the present case will be unable to do so, as the court finds as a matter of law that the expansion plate was reasonably safe and that there is no genuinely disputed material fact in this case.

"[T]he Mississippi Supreme Court has held, the existence of a slight height difference on a walkway does not constitute an unreasonable dangerous condition." *Id.* The *Penton* court – after noting that the plaintiff there, like the plaintiff in the present case, had admittedly traversed the allegedly dangerous condition a number of times without incident prior to her fall – cited a number of Mississippi cases holding accordingly:

> *Rowe v. City of Winona*, 248 Miss. 411, 159 So. 2d 282 (1964) (upholding a trial court's grant of a directed verdict for the City where the defect in the sidewalk was a crack wide enough to catch the heel of a pedestrian's shoe); *City of Biloxi v. Schambach*, 247 Miss. 644, 157 So. 2d 386 (1963) (three-to-four-inch difference in height between sidewalk blocks not sufficient to impose liability); *Bond v. City of Long Beach*, 908 So. 2d 879 (Miss. Ct. App. 2005) (this Court affirmed the ruling of the trial court that there was no breach of duty where the plaintiff tripped on an irregularity in the pavement of approximately one inch).

*Id.* at 1210-11. The defendant has supplemented the *Penton* court's list with more Mississippi cases holding that normally encountered conditions such as thresholds, curbs, and steps do not constitute dangerous conditions. *See, e.g., Thompson v. Chick-Fil-A, Inc.*, 923 So. 2d 1049, 1052 (Miss. Ct. App. 2006) (affirming trial court's grant of summary judgment to defendant and finding that the curb over which plaintiff fell in defendant's parking lot was not a dangerous

condition); *Kroger, Inc. v. Ware*, 512 So. 2d 1281 (Miss. 1987) (reversing and rendering a jury verdict in favor of plaintiff who had tripped and fallen over a curb); *McGovern v. Scarborough*, 566 So. 2d 1225 (Miss. 1990) (finding that a two to three inch threshold is not a dangerous condition). The *McGovern* court added:

> By any stretch of the imagination can it be said that the entrance to this building was not reasonably safe? And, it is impossible to envision this doorway as creating a danger of some kind, in some way different from thousands of like doorways. Moreover, it was open and obvious.
>
> If this Court were to hold a jury question was made on whether this doorway was not reasonably safe, we would have to say a jury question is made as to any doorway from the street which is not on the same level as the street. Property owners would indeed be insurers of invitees' safety.

*Id.* at 1228.

In accordance with the cited authority, this court finds as a matter of law that the one-half to two-inch height differential between the casino floor and the rubber-covered expansion joint at issue does not constitute a dangerous condition. Finding no dangerous condition, the court ends the inquiry here, as there is no need to address the openness and obviousness of the alleged danger or the defendant's duty to warn of it.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 7th day of November, 2011.

                                                */s/ Neal Biggers*
                                                **NEAL B. BIGGERS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**